**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN GARCIA-HERRERA, | No. 21-35489 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-01102-CL |
| v. | |
| KLAMATH COUNTY, an Oregon Municipal Corporation; DENNIS GIBBS; ERIC GORITZ, in their individual and their official capacities; AMANDA GRAHAM, in their individual and their official capacities; RYAN KABER, in their individual and their official capacities; JIMMY LEACH, in their individual and their official capacities; WESLEY PARKER, in their individual and their official capacities, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted June 15, 2022**

Before: SILVERMAN, WATFORD, and FORREST, Circuit Judges.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ruben Garcia-Herrera appeals from the district court's judgment dismissing his action against the commissioners of a special road district alleging Americans with Disabilities Act ("ADA") and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's denial of leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We reverse and remand.

The district court dismissed Garcia-Herrera's ADA claim against defendants Goritz and Gibbs with prejudice. However, the district court did not allow Garcia-Herrera to file an amended complaint, despite acknowledging he may have been able to cure the deficiencies with his claim. *See Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001) ("Because it is not clear that plaintiffs' ADA claim cannot be saved by amendment, we remand this matter to the district court so that plaintiffs may have the opportunity to amend their ADA claim."); *see also* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."); *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (definition of a disability under the ADA). Because it is not clear that the deficiencies with Garcia-Herrera's official capacity claim against defendants Goritz and Gibbs could not be cured by amendment, we reverse the judgment and

remand for the district court to provide Garcia-Herrera with an opportunity to amend his ADA claim only.

**REVERSED and REMANDED.**